BARFIELD, Judge,
dissenting:
I respect the majority’s decision to follow Monroe Furniture Co. v. Bonner, 509 So. 2d 1264 (Fla. 1st DCA 1987) and agree that the issue should be certified to the Florida Supreme Court; however, I must dissent on the merits because I think the basis for the decision in Bonner is clearly wrong.
There are no wage-loss benefits “payable” under chapter 440, Florida Statutes, for one who has failed “to show that his inability to obtain employment ... is due to physical limitation related to his acci-dent_” § 440.15(3)(b)2, Florida Statutes (1985). The benefits are not “payable” until proved. Before proved, the benefits “may be payable.” Id.
This court in Bonner rewrote the statute to provide that benefits were payable unless their entitlement were somehow disproved by the amount of income received by the worker. Not only is this construction contrary to the express language of the statute, but the Bonner court admitted it sought a construction inconsistent with legislative intent. The contortion of the statute was for the purpose of avoiding the constutional issues presented in Bonner which the court should have addressed. Those issues have not been presented to us in this case; so, we cannot address them. Therefore, I would affirm the deputy commissioner.